**Anne D. Foster, OSB No. 993152**
**Email: afoster@dunncarney.com**
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204-1357
Telephone: 503.224.6440
Fax: 503.224.7324

    Attorneys for Plaintiff
    Robin Smith

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ROBIN SMITH**, | No. |
| Plaintiff, | COMPLAINT<br>(Strict Product Liability ORS 30.920) |
| v. | |
| **KAZ INCORPORATED; KAZ USA, INC.; RITE AID HDQTRS, INC.;** and **THRIFTY PAYLESS, INC. dba RITE AID #5390**, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## JURISDICTION

1.   Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorney fees.

## VENUE

2.   Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts giving rise to this litigation occurred within the territorial jurisdiction of the U.S. District Court of Oregon.  It is also the judicial district where some or all Defendants conduct business.

## PARTIES

3. Plaintiff is a 56-year old woman who resides in Oregon.

4. Defendant Kaz Incorporated ("Kaz") is a Massachusetts corporation doing business in Oregon.

5. Defendant Kaz USA, Inc. ("Kaz USA") is a Massachusetts corporation doing business in Oregon.

6. Defendant Rite Aid Hdqrs. Corp. ("Rite Aid") is a Pennsylvania corporation doing business in Multnomah County, Oregon.

7. Defendant Thrifty Payless, Inc. dba Rite Aid #5390 is a corporation doing business in Oregon with its store being located in Bend, Oregon.

8. Kaz is the manufacturer of the Soft Heat heating pad Model 4570-200/Listed 562B/E26869 (the "heating pad") and sells the product for ultimate purchase by the consuming public.

9. Rite Aid is among other things, in the business of selling the heating pad at issue in this matter.

## RELEVANT FACTS

10. Plaintiff purchased the heating pad at issue from a Rite Aid #5390 in Oregon.

11. On April 17, 2014, Robin Smith suffered severe blistering 2nd and 3rd degree burns to her hip and buttock as the result of contact with the extreme heat emanating from the heating pad, requiring medical treatment, hospitalization and surgery.

12. Defendants placed the heating pad in the market and sold it in a defective condition which was unreasonably dangerous to the users and consumers thereof. At the time of plaintiff's injury, the heating pad was being used in a reasonably foreseeable manner. The heating pad was

dangerously defective in the design and manufacture of the level of heat coming from the heating pad, which was capable of causing severe and extreme injuries.

13.     Further, warnings that come with the heating pad regarding the potential for burns, were insufficient to provide an adequate warning as to the true nature and severity of injuries that may result from the use of the heating pad.

14.     Plaintiff's injuries were the result of the heating pad being defective and unreasonably dangerous pursuant to ORS 30.920 in its design and manufacture including but not limited to the following particulars:

(a) Product got so hot as to cause severe burns and injuries;

(b) Product safety switch did not function properly so as to prevent burns;

(c) Product was not equipped with appropriate safety devices to prevent burning;

(d) Product did not contain adequate warnings or instructions regarding its dangerous propensities;

(e) Product did not comply with applicable industry safety standards and regulations, the level of heat coming from the heating pad was capable of causing severe and extreme injuries;

(f) The heating pad was dangerous to an extent beyond that which would be contemplated by an ordinary consumer; and

(g) The product cover was not sufficiently fastened to the heating pad and could move to such a degree that the hot plastic of the heating pad was in direct contact with skin.

15.     As a result of defendants' conduct as described above, plaintiff has suffered blisters and burns across her hip and buttock requiring multiple surgeries to both remove a large area of burned skin and tissue and to graft a portion of skin to her buttock. Plaintiff has missed work, been placed on additional and repeated antibiotics, is scarred, has continued areas of numbness in

the area, experiences moments of excruciating and fleeting pain, required repeated dressing changes on the wounds, was heavily medicated and her interaction with her family was affected.

16. Plaintiff continues to suffer, and will permanently suffer from pain and disfigurement all to her non-economic damage in the amount of $1,000,000.

17. As a further result of defendants' conduct as described above, plaintiff has incurred and will incur medical expenses of approximately $45,000.

18. Defendants are all liable for the damages incurred by plaintiff in that Kaz is a manufacturer of the heating pad, and all defendants are in the business of selling the heating pad and the heating pad was expected to and did reach plaintiff without substantial change in the condition in which it was sold.

## RELIEF REQUESTED

19. WHEREFORE plaintiff prays for judgment against defendants in the amount of $45,000 in economic damages,

20. $1,000,000 in non-economic damages;

21. Her cost and disbursements incurred herein; and

22. Any such other amounts the Court deems just and proper.

Dated this 17th day of September, 2015.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

*/s/ Anne D. Foster*
**Anne D. Foster, OSB No. 993152**
503.224.6440
Attorneys for Plaintiff Robin Smith