**Anne D. Foster, OSB No. 993152**
Email: afoster@dunncarney.com
**Samuel T. Smith, OSB No. 084772**
Email: ssmith@dunncarney.com
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204-1357
Telephone: 503.224.6440
Fax: 503.224.7324

Attorneys for Plaintiff Robin Smith

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ROBIN SMITH**, | No.  3:15-cv-01761-MO |
| Plaintiff, | **AMENDED COMPLAINT**<br>(Strict Product Liability and Negligence) |
| v. | |
| **KAZ INCORPORATED; KAZ USA, INC.; RITE AID HDQTRS, INC.;** and **THRIFTY PAYLESS, INC. dba RITE AID #5390,** | DEMAND FOR JURY TRIAL |
| Defendants. | |

## JURISDICTION

1.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorney fees.

## VENUE

2.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts giving rise to this

litigation occurred within the territorial jurisdiction of the U.S. District Court of Oregon. It is also the judicial district where some or all Defendants conduct business.

## PARTIES

3. Plaintiff is a 56-year old woman who resides in Oregon.

4. Defendant Kaz Incorporated ("Kaz") is a Massachusetts corporation doing business in Oregon.

5. Defendant Kaz USA, Inc. ("Kaz USA") is a Massachusetts corporation doing business in Oregon.

6. Defendant Rite Aid Hdqrs. Corp. ("Rite Aid") is a Pennsylvania corporation doing business in Multnomah County, Oregon.

7. Defendant Thrifty Payless, Inc. dba Rite Aid #5390 is a corporation doing business in Oregon with its store being located in Bend, Oregon.

8. Kaz is the manufacturer of the Soft Heat heating pad Model 4570-200/Listed 562B/E26869 (the "heating pad") and sells the product for ultimate purchase by the consuming public.

9. Rite Aid is among other things, in the business of selling the heating pad at issue in this matter.

## RELEVANT FACTS

10. Plaintiff purchased the heating pad at issue from a Rite Aid #5390 in Oregon.

11. On April 17, 2014, Robin Smith suffered severe blistering 2nd and 3rd degree burns to her hip and buttock as the result of contact with the extreme heat emanating from the heating pad, requiring medical treatment, hospitalization and surgery.

12. Plaintiff has suffered blisters and burns across her hip and buttock requiring multiple surgeries to both remove a large area of burned skin and tissue and to graft a portion of skin to her buttock. Plaintiff has missed work, been placed on additional and repeated antibiotics, is scarred, has continued areas of numbness in the area, experiences moments of excruciating and

fleeting pain, required repeated dressing changes on the wounds, was heavily medicated and her interaction with her family was affected.

13. As a direct and proximate result of her injuries, Plaintiff has incurred and will incur medical expenses of approximately $45,000.

14. As a direct and proximate result of her injuries, Plaintiff has suffered and will permanently suffer pain and disfigurement all to her noneconomic damage in the amount of $1,000,000.

15. At the time of Plaintiff's injury, the heating pad was being used in a reasonably foreseeable manner, and in the manner in which it was designed and intended.

**FIRST CLAIM FOR RELIEF**

**(Strict Products Liability – ORS 30.920 – All Defendants)**

16. Plaintiff incorporates by reference paragraphs 1 through 15 above.

17. Defendants were the manufacturer, distributor, retailer, and/or seller of the heating pad at issue herein.

18. Defendant were in the engaged in the business of selling the heating pad, and similar products like it.

19. The heating pad was expected to and did reach Plaintiff (the ultimate consumer) without substantial alteration in the condition in which it was sold.

20. The heating pad sold to Plaintiff was and is dangerously defective as a consequence of design defects, manufacturing defects and/or inadequate/deficient warnings. In light of those defects, the heating pad sold to Plaintiff was and is in an unreasonably dangerous condition not contemplated by the ordinary user or consumer, as follows:

    a. The heating pad was capable of getting so hot as to cause severe burns and injuries to human skin (and did so);

    b. The heating pad's safety switch did not function properly so as to prevent severe burns and injuries to human skin;

    c. The heating pad was not equipped with appropriate safety devices to prevent burning and injuries to human skin;

    d. The heating pad did not contain adequate warnings or instructions regarding its dangerous propensities, nor the true nature and severity of injuries that may result from the use of the heating pad;

    e. The heating pad did not comply with applicable industry safety standards and regulations; the level of heat coming from the heating pad was capable of causing severe and extreme injuries; and

    f. The product cover was not sufficiently fastened to the heating pad and could move to such a degree that the hot plastic of the heating pad was in direct contact with human skin.

21. Pursuant to ORS 30.920, Defendants are strictly liable to Plaintiff for all injuries alleged in paragraphs 11 and 12 above, as well as all damages arising from those injuries in the amounts alleged in paragraphs 13 and 14 above.

## SECOND CLAIM FOR RELIEF

### (Negligence – All Defendants)

22. Plaintiff incorporates by reference paragraphs 1 through 15 above.

23. Defendants (were the manufacturer, distributor, retailer, and/or seller of the heating pad at issue herein.

24. Defendants owed a duty to use reasonable care in designing, manufacturing, and/or selling the heating pad.

25. The heating pad sold to Plaintiff was and is dangerously defective as a consequence of design defects, manufacturing defects and/or inadequate/deficient warnings.

26. It was foreseeable that a dangerously defective heating pad would cause injury to users and consumers, like Plaintiff.

/ / /

Page 4    AMENDED COMPLAINT
DCAPDX_1826171_v2

27. Defendants were negligent in one or more of the following respects (this is a non-exclusive list):

   a. Failing to design, inspect, test, manufacture or sell a heating pad free of dangerous defects that were harmful to users or consumers, like Plaintiff;

   b. Failing to adequately instruct in the conditions under which the heating pad could be used safely and/or perform properly; and

   c. Failing to warn Plaintiff of the dangerously defective condition of the heating pad;

28. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered the injuries alleged in paragraphs 11 and 12 above, and is entitled to recover the damages alleged in paragraphs 13 and 14 above.

## RELIEF REQUESTED

WHEREFORE Plaintiff prays for judgment in her favor and against Defendants, as follows:

   a. On Plaintiff's first claim for relief, an award of $45,000 in economic damages and $1,000,000 in noneconomic damages;

   b. On Plaintiff's second claim for relief, an award of $45,000 in economic damages and $1,000,000 in noneconomic damages;

   c. Her cost and disbursements incurred herein; and

   d. Any such other amounts the Court deems just and proper.

Dated this 26th day of September, 2015.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

*/s/ Anne D. Foster*
**Anne D. Foster, OSB No. 993152**
Email: afoster@dunncarney.com
**Samuel T. Smith, OSB No. 084772**
Email: ssmith@dunncarney.com
503.224.6440
Attorneys for Plaintiff Robin Smith